1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  **KOUA XIONG,**

13                                    Petitioner,

14          **v.**

15

16  **MARTIN BITER, Warden,**

17                                    Respondent.

18

Case No. 1:14-cv-02078 AWI MJS (HC)

**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**

**[Doc. 14]**

19
20
21
22

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Daniel B. Bernstein, of the Office of the Attorney General for the State of California.

23
24

I.      **BACKGROUND**

25
26
27
28

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted by a jury on March 29, 2011 of first degree murder, felon in possession of a firearm, and various sentencing enhancements. (See Lodged Doc. 1.) On April 27, 2011,

1

1  Petitioner was sentenced to an indeterminate state prison term of life without the

2  possibility of parole. (Id.)

3       On April 30, 2013, the California Court of Appeal, Fifth Appellate District, affirmed

4  the judgment, but ordered the abstract of judgment to be amended to correct a clerical

5  error. (Lodged Doc. 2.) Review was denied by the California Supreme Court on August

6  28, 2013. (Lodged Docs. 4-5.)

7       Petitioner did not file any state post-conviction challenges to his conviction.

8       On December 29, 2014, Petitioner filed the instant federal Petition for Writ of

9  Habeas Corpus in this Court.[1] On February 19, 2015, Respondent filed a Motion to

10  Dismiss the petition as being filed outside the one-year limitations period prescribed by

11  28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 14.) Petitioner filed objections on March

12  12, 2015.

13

14  **II.   DISCUSSION**

15      **A.   Procedural Grounds for Motion to Dismiss**

16       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

17  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

18  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

19  Section 2254 Cases.

20       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

21  answer if the motion attacks the pleadings for failing to exhaust state remedies or being

22  in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

23  420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

24  exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

25

26     [1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Petitioner did not date the petition. The Court cannot determine on what date the Petitioner was mailed, and is unable to afford Petitioner an earlier filing date based on the mailbox rule.

27

28

Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on December 29, 2014 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on August 28, 2013. The state appeal process became final ninety days later, on November 26, 2013, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on November 27, 2013. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from November 27, 2013, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until December 29, 2014, a month after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of

4

1  a habeas petition and the filing of a habeas petition at the next level of the state court
2  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th
3  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations
4  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was
5  timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
6  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or
7  determined by the federal courts to have been untimely in state court will not satisfy the
8  requirements for statutory tolling. Id.

9  Here, Petitioner did not file any state post-conviction applications, and therefore is
10  not entitled to statutory tolling. Accordingly, the limitations period commenced on
11  November 27, 2013, and expired on November 26, 2014. Petitioner filed the instant
12  petition on December 29, 2014, over a month after the limitations period expired. The
13  petition is untimely.

14  **D.   Equitable Tolling**

15  The limitations period is subject to equitable tolling if the petitioner demonstrates:
16  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
17  circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);
18  quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would
19  give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th
20  Cir. 1993). In his opposition, Petitioner claims he is entitled to equitable tolling of the
21  limitations period based on abandonment of counsel and his ignorance of the law.

22  1.   Abandonment of Counsel

23  In his opposition, Petitioner asserts that he should be granted equitable tolling
24  because his appellate counsel was late in sending him his federal petition to file. (ECF
25  No. 17.) Specifically, he asserts that his appellate attorney mailed Petitioner a copy of
26  the federal petition on December 2, 2014, nearly a week after the limitations period
27  expired. (Id.) As Petitioner received the petition after the limitations period expired, he
28  argues that he is entitled to tolling based on the actions of counsel.

1     Sufficiently egregious attorney misconduct may provide sufficient grounds for

2    equitable tolling. See Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011); Maples v.

3    Thomas, 132 S. Ct. 912, 924, 181 L. Ed. 2d 807 (2012) ("We agree that, under agency

4    principles, a client cannot be charged with the acts or omissions of an attorney who has

5    abandoned him."); Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2564, 177 L. Ed.

6    2d 130 (2010); Mackey v. Hoffman, 682 F.3d 1247, 2012 U.S. App. LEXIS 12925 (9th

7    Cir., June 25, 2012) (holding abandonment of counsel as equitable grounds to allow

8    petitioner to file an untimely appeal from the district court's denial of his habeas

9    petition.).

10    However, the evidence presented to the Court does not reflect egregious

11    misconduct on the part of counsel. Petitioner submits only that counsel was untimely in

12    preparing and providing a copy of the petition to Petitioner. The Supreme Court has held

13    that attorney negligence and miscalculation of the limitations deadline does not

14    constitute extraordinary circumstances warranting equitable tolling. See Lawrence v.

15    Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) ("[a]ttorney

16    miscalculation simply not sufficient to warrant equitable tolling, particularly in the

17    postconviction context where prisoners have no constitutional right to counsel"); Miranda

18    v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002) (attorney's miscalculation of limitations

19    period did not constitute extraordinary circumstances); Frye v. Hickman, 273 F.3d 1144,

20    1146 (9th Cir. 2001) (holding that an attorney's general negligence and miscalculation of

21    limitations deadline did not constitute extraordinary circumstances that warranted

22    equitable tolling in a non-capital habeas case).

23    Petitioner has not shown that that he was abandoned by counsel based on

24    counsel's late presentation of the petition for filing. Petitioner is not entitled to equitable

25    tolling for abandonment of counsel.

26        2.    Ignorance of the Law

27    Petitioner also claims he should be entitled to equitable tolling because he is

28    uneducated and does not have knowledge of the law. This claim for equitable tolling

must also fail. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999), (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); <u>Shoemate v. Norris</u>, 390 F.3d 595, 598 (8th Cir. 2004); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary circumstance entitling Petitioner to equitable tolling.

## III.   **CONCLUSION**

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV.   **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within  fourteen  (14)  days  after  service  of  the  Objections.  The  Finding  and

1  Recommendation will then be submitted to the District Court for review of the Magistrate

2  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure to

3  file objections within the specified time may waive the right to appeal the District Court's

4  order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

5

6  IT IS SO ORDERED.

7      Dated:   March 27, 2015            /s/ *Michael J. Seng*

8                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28